AO 241
(Rev. 10/07)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: 22ND J.D.C. St. Tammany Parish. |
|---|---|
| Name (under which you were convicted): VIRGIL L. SMITH | Docket or Case No.: 334402 |
| Place of Confinement: L.S.P. ANGOLA, LA, 70712 | Prisoner No.: #89717 |
| Petitioner (include the name under which you were convicted): VIRGIL L. SMITH | v. Respondent (authorized person having custody of petitioner): N. BURL CAIN. WARDEN |
| The Attorney General of the State of: CHARLES C. FOTI, JR. P.O. BOX 94005 BATON ROUGE LA. 70804-9005 | |

12-2086
SECT. F MAG. 2

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: 22ND J.D.C., P.O. BOX 1090 Covington, LA 70434

   (b) Criminal docket or case number (if you know): 334402

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence:

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: ONE (1) COUNT OF POSS OF COCAINE

6. (a) What was your plea? (Check one)

| | | | |
|---|---|---|---|
| ☑ (1) | Not guilty | ☐ (3) | Nolo contendere (no contest) |
| ☐ (2) | Guilty | ☐ (4) | Insanity plea |

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? Plead not guilty to (1.) count of Poss of cocaine

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: 1st Cir court of Appeal of Louisiana, [illegible]

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court? ☑ Yes ☐ No

If yes, answer the following:

(1) Name of court: LA. Supreme court

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes ☐ No

(7) Result: Receive the same sentence, on or about 6/6/2005

(8) Date of result (if you know): Same as Above

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes ☐ No

(2) Second petition: ☒ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was sentence to 1: Count of Poss. of Cocaine to 3 Years, on 1/16/03. On / /02, the state filed it multi. Billing. but did not file it. On / / , the State filed for a new bill of information to multi. Bill smith. in to matters. See Added Sheet.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-conviction

Name and location of the court where the motion or petition was filed: 22 ND J.D.C., Parish of St Tammany, Covington, LA.

Docket or case number (if you know): 334402

Date of the court's decision: Oct. 18, 2010

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: 1st Cir. Court of La.,

Docket or case number (if you know): 2011-KW-0502, see ex.(7)

Date of the court's decision: Jul, 05 2011

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner sole claim is only one.
That he had discharge that sentence gave to him on 1/16/03. by the time the state seeked to bell Petitioner, The court had no sentence to VAcate or enhance by 11/12/03. Petitioner have been given 10 more years to do. For the same charge.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: [redacted] supervisory writs

Name and location of the court where the motion or petition was filed: LA. Court of appeal, 1st Cir.

Docket or case number (if you know): 2011-KW-0502

Date of the court's decision: July. 05. 2011

Result (attach a copy of the court's opinion or order, if available): weit Denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: LA- Supreme court

Docket or case number (if you know): 2011-KH-1955

Date of the court's decision: April 27, 2012

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two N/A

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Three, explain why?

Just got here, To this HonorAble Court

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: post Conviction

Name and location of the court where the motion or petition was filed: 22nd Judicial District court Div. "E" number 334402

Docket or case number (if you know): 334402

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Court of Appeal, First circuit

Docket or case number (if you know): 2011-KW-0502

Date of the court's decision: Denied

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post conviction

Name and location of the court where the motion or petition was filed: SAme As Above

Docket or case number (if you know): SAme AS Above

Date of the court's decision: SAme AS Above

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): SAme As Above

Date of the court's decision: SAme AS Above

Result (attach a copy of the court's opinion or order, if available): SAme As Above

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

 (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court

  having jurisdiction? ☑ Yes ☐ No

  If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

  presenting them:

 (b) Is there any ground in this petition that has not been presented in some state or federal court?  If so,

  ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging: JAMES BURKES TRIAL. A, B, C, D.

(a) At preliminary hearing: SAME AS Above.

(b) At arraignment and plea: SAME AS Above

(c) At trial: SAME AS Above.

(d) At sentencing: SAME AS Above.

(e) On appeal: FRANK SLOAN, Louisiana Appellate project, 948 WINONA DRIVE, MANDEVILLE, LA. 70471 (985) 845-9492 LA. BAR NO. 12136

(f) In any post-conviction proceeding: NONE

(g) On appeal from any ruling against you in a post-conviction proceeding: upon Remand, in Dec/7/2004. 2005 gave the same time back

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☐ No [ON Appeal do not Know]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

SAME District Court 22ND in St. TAMMANY PARISH, Covington

(b) Give the date the other sentence was imposed: 2007 Life - 2008 2 Lifes - 2004 15 - 2003 10 - 2003 10.

(c) Give the length of the other sentence: SAME AS Above ↑ Remand And gave the same time back IN 2005

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☑ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

SCANNED at LSP and Emailed
8-14-12 by SG . 3 pages
date initials No.

RECEIVED
AUG 14 2012
Legal Programs Department

AO 241
(Rev. 10/07)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

None
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 8/13/12 (month, date, year).

Executed (signed) on on or About 8/13/12 (date).

Virgil Smith # inmate no. 89717
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

would you please file.

Thank you!
Virgil Smith

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

August 2, 2012

MEMORANDUM

**VIRGIL L. SMITH, #89717**
**CBB L/L C/10**
**LOUISIANA STATE PENITENTIARY**
**ANGOLA, LA 70712**

**SUBJECT: 2254 PETITION SECOND DEFICIENT NOTICE**

**The document entitled Writ of Habeas Corpus which you filed appears to be deficient as noted below:**

__ 1. A writ of habeas corpus submitted by a person in state custody, a § 1983 prisoner suit, a motion to vacate, or a request for pauper status should be submitted on an approved form. This form has been enclosed for your convenience.

__ 2. The cost of filing a writ of habeas corpus is $5.00. The cost of filing a complaint is $350.00. If you cannot afford the filing fee, you must ask the Court to allow you to proceed as a pauper. A form for this purpose is enclosed.

__ 3. The cost of filing an appeal is $455.00. If you apply for pauper status when bringing an appeal, you must submit an affidavit that includes a statement of all assets you possess and that you are unable to pay the fee. This form has been enclosed for your convenience.

__ 4. If you apply for pauper status you must submit a certified copy of your trust fund account statement or the institutional equivalent for the 6-month period immediately preceding the filing of the complaint, habeas corpus or notice of appeal obtained from the appropriate official of each prison at which you are or were confined.

- <u>ONLY A PRISON OFFICIAL FROM THE INMATE BANKING UNIT AT YOUR INSTITUTION MAY COMPLETE THE ENCLOSED STATEMENT OF ACCOUNT.</u>

__ 5. For your information, even if you are allowed to bring a civil action or file a notice of appeal from a civil judgment in forma pauperis, you are still required to pay the full amount of the filing fee. **DO NOT SEND MONEY AT THIS TIME.** The court will assess and, when funds exist, collect, as partial payment of any court fees, an initial partial filing fee of 20 percent of the greater of 1) the average monthly deposits to your account or 2) the average monthly balance in your account for the 6-month period immediately preceding the filing of the complaint. After payment of the initial filing fee, you are required to make monthly payments of 20 percent of the preceding month's income credited to your account. The agency having custody of you shall forward payments from your account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

___ 6. Your document is not properly captioned for the United States District Court, Eastern District of Louisiana.

___ 7. The names of all parties must be listed on the front of your complaint as well as in Part III of your complaint. DO NOT USE "ET AL." The names of all parties must be listed in both places exactly the same.

X 8. **A complaint, affidavit or other pleading submitted to the Clerk for filing must bear an original signature. The 2254 petition is unsigned. Please sign the enclosed signature page and return to this court as soon as possible.**

___ 9. The complaint and any other pleading must be signed by the petitioner personally, unless petitioner is represented by a member of the bar of this Court. If the petitioner is represented, pleadings must be signed and submitted by counsel.

___ 10. Every paper you file, after the complaint, must have the name of this Court, the title, docket number, section, and magistrate judge number.

___ 11. OTHER:

**Please act immediately. Unless the deficiency is corrected on or before August 17, 2012, this document may be stricken from the record.**

CLERK OF COURT

By: ____________
Deputy Clerk

**Respond to:**
**Clerk, U.S. District Court**
**500 Poydras Street**
**Room C-151**
**New Orleans, LA 70130**

# The Supreme Court of the State of Louisiana

STATE EX REL. VIRGIL L. SMITH

NO. 2011-KH-1955

VS.

STATE OF LOUISIANA

------

IN RE: Smith, Virgil L.; - Plaintiff; Applying For Supervisory and/or Remedial Writs, Parish of St. Tammany, 22nd Judicial District Court Div. E, No. 334402; to the Court of Appeal, First Circuit, No. 2011 KW 0502;

------

**April 27, 2012**

Denied.

JLW

BJJ

JPV

JTK

GGG

MRC

Supreme Court of Louisiana
April 27,2012

Robin A. Burras

**Deputy** Clerk of Court
For the Court



Supreme Court
STATE OF LOUISIANA
New Orleans

CHIEF JUSTICE
CATHERINE D. KIMBALL Fifth District

JUSTICES
GREG G. GUIDRY First District
JEFFREY P. VICTORY Second District
JEANNETTE THERIOT KNOLL Third District
MARCUS R. CLARK Fourth District
JOHN L. WEIMER Sixth District
BERNETTE J. JOHNSON Seventh District

JOHN TARLTON OLIVIER
CLERK OF COURT

400 Royal St., Suite 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

September 9, 2011

Virgil Smith, (pro se)
#89717, La. State Penitentiary
CBB L/L C/10
Angola, LA 70712

Re: 2011 - KH - 1955

Virgil L. Smith
vs.
State of Louisiana

This is to advise that the pleadings in the above entitled matter were received and filed on 9/9/2011. The filing was post marked on 9/7/2011. The case bears the above number on the Docket of this Court.

John Tarlton Olivier
Clerk of Court

JTO: jr

ccs: Hon. Malise Prieto, Clerk
Hon. Walter P. Reed
Hon. Christine L. Crow, Clerk
Hon. William J. Burris

Court of Appeal, First Circuit, Number(s) 2011 KW 0502
22nd Judicial District Court Div. "E" Number(s) 334402

STATE OF LOUISIANA
VS. NO. # 384402
VIRGIL L. SMITH

22ND. JUDICIAL
DISTRICT COURT
PARISH OF ST. TAMMANY
COVINGTON LOUISIANA

DATE filed

DEPUTY CLERK

NOTICE OF INTENT

MAY IT PLEASE THE COURT:

NOW COME, VIRGIL L. SMITH, Relator Hereinafter, who submits his Notice of Intent to seek supervisory writ of Review in the Louisiana First Circuit Court of Appeal, pursuant to URCA Rule 4-2, And respectfully ask this Court to set a Return date in which to file said Writ application pursuant to URCA 4-3. I support Relator would show this court the following:

On May 22 2008, Relator submitted with the 22nd Judicial District Court An Application for post-conviction Relief And Memorandum of Law, Attacking his illegal conviction And Sentence, had in this court.

2.

On 7/17/2008, the district court dismissed Relator's application for Post-Conviction Relief.

3.

Relator now give notice of intent to seek supervisory writ of review in the Louisiana First Circuit Court of appeal and requests a return date in which to file said writ application, pursuant to Rule 4-2 and 4-3 URCA.

4.

Furthermore, relator respectfully designates the entire trial record and exhibits sent with this P.C.R. by Relator for review in this matter as well as this Honorable Court's October 18, 2010 denial of Relator's Post-Conviction Relief application as the record for review

Submitted this ______ day of ______ 2011

AFFIDAVIT

I, Virgil Smith do hereby State And Avers that the foregoing is true And correct to the best of his Knowledge And belief

Virgil Smith Pro.Se.

CERTIFICATE OF SERVICE

I Virgil Smith do hereby certify that A copy of the foregoing notice of Intent, been Served on the 22ND Judicial District Court, Parish of St. Tammany, State of Louisiana, by placing A copy of same in the U.S. Mail, Properly Address And postage pre-paid

Submitted By
Virgil L. Smith
Virgil Smith #89717
LA. State Penitentiary
CBB Lil. #3
Angola, LA., 70712

STATE OF LOUISIANA

VS NO. 334402

VIRGIL SMITH

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

______________
Date Filed

______________
Deputy Clerk of Court

# ORDER

After having reviewed Virgil Smith of Intent To Seek Supervisory writ of Review And other facts of the case, IT IS ORDERED BY THE COURT that Relator file his Application for writ of Review with the Clerk of the Louisiana First Circuit Court of Appeal on or before the ___ day of ______________, 2011.

Done this ___ day of ______________, 2011, in the 22nd Judicial District Court, Covington Louisiana

______________
22ND JUDICIAL DISTRICT COURT JUDGE

SERVICE INSTRUCTIONS:

DISTRICT ATTORNEY, ST. TAMMANY PARISH, AND VIRGIL SMITH #89717 AT THE LA. STATE PENITENTIARY



Malise Prieto
Clerk of Court
22nd Judicial District
Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700
(985) 646-4120

January 27, 2011

VIRGIL SMITH, #89717
CBB L-L, #3
LOUISIANA STATE PENITENTIARY
ANGOLA, LA 70712

DIVISION F
Re: State of La.
Vs. #334402
VIRGIL LORENZO SMITH

Dear Mr. Smith:

Enclose, please find a certified copy of the Reconsideration of Order Dismissing Petition for Post-Conviction Relief, by Judge Martin E. Coady, filed in the above captioned matter.

Yours very truly,

Mary M. Pellegrin

Mary M. Pellegrin
Deputy Clerk

3

STATE OF LOUISIANA

NUMBER: 334402

DIVISION: F

VERSUS

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

VIRGIL L. SMITH

STATE OF LOUISIANA

FILED: Oct 18, 2010 Mary M Killingsworth

DEPUTY CLERK

RECONSIDERATION OF ORDER DISMISSING PETITION FOR POST-CONVICTION RELIEF

The Court issued an order on July 17, 2008 in this matter dismissing defendant's Application for Post-Conviction Relief which was filed on May 22, 2008. The defendant asked for Reconsideration of this decision as the court noted in its' reasons that "this matter is not final and has not been tried, therefore an application for post-conviction relief is premature at this time." The Court first notes that the case numbers on pleadings filed in this matter have not always been accurate as to the charge it pertains to thereby creating some confusion in the records. However, the Court has reconsidered its' order dated July 17, 2008 and corrects its finding that "this matter is not final and has not been tried, therefore an application for post-conviction relief is premature at this time." The matter was final and therefore an application for post-conviction relief was appropriately filed at that time, so the order dismissing the application on those grounds is vacated.

The Court has reviewed the Application for Post-Conviction Relief filed on May 22, 2008 again, and the record pertaining to such. After a thorough review of this pleading, the Court finds the Application should be denied on its' face without the need for a contradictory hearing.

According, the Application for Post Conviction Relief has been reconsidered and the reasons corrected, however the application is denied.

Covington, Louisiana, this 18 day of October, 2010.

Judge Martin Coady

A TRUE COPY

Dy Clerk, 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA.



5

Malise Prieto
Clerk of Court
22nd Judicial District
Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700
(985) 646-4120

June 17, 2008

VIRGIL SMITH, #89717
LOUISIANA STATE PENITENTIARY
CAMP D, HAWK 4/L C/14
ANGOLA, LA 70712

DIVISION F

Re: State of La.
Vs. #334402/357134
VIRGIL LORENZO SMITH

Dear Mr. Smith:

Please be advised that your Application for Post Conviction Relief filed in the above captioned matters, have been sent to Judge Martin E. Coady, once ruling has been made you will be notified.

Yours very truly,

Mary M. Pellegrin

Mary M. Pellegrin
Deputy Clerk

Office Of The Clerk
**Court of Appeal, First Circuit**
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

**Certificate of Mailing**
7/5/2011

2011-KW-0502

State Of Louisiana
Versus
Virgil L. Smith

TO: Hon. Martin E. Coady
701 North Columbia Street
Room 3006
Covington, LA 70433

Virgil L. Smith
Louisiana State Penitentiary
Camp D Hawk 4/R c/10
Angola, LA 70712

Hon. Walter P. Reed
St. Tammany Parish
701 North Columbia St.
Covington, LA 70433

I hereby certify that a copy of the attached was mailed this date to the trial judge, all counsel of record, and all parties not represented by counsel as listed above.

Elizabeth D. Nauta

CHRISTINE L. CROW
CLERK OF COURT

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

VIRGIL L. SMITH

NUMBER 2011 KW 0502

JUL 05 2011

---

In Re: Virgil L. Smith, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 334402.

---

**BEFORE: PETTIGREW, McDONALD, AND WELCH, JJ.**

**WRIT DENIED.**

**JEW**
**JTP**
**JMM**

COURT OF APPEAL, FIRST CIRCUIT

Elizabeth A. Nanta

DEPUTY CLERK OF COURT
FOR THE COURT

| | | |
|---|---|---|
| STATE OF LOUISIANA | COURT OF APPEAL FIRST CIRCUIT Filed | NO.: 2005-KA-2617 |
| VERSUS | JUL 07 2006 | COURT OF APPEAL |
| VIRGIL LORENZO SMITH | Clerk | THE FIRST CIRCUIT |

## MOTION FOR FIRST EXTENSION OF TIME TO FILE APPELLANT BRIEF

NOW INTO COURT, comes undersigned counsel and moves this Honorable Court to grant a 15 day extension of time to file the appellant brief in the captioned matter. Thus is the first extension sought. The brief is presently due on July 7, 2006. The extension will make the brief due on July 24, 2006. The reason for the extension is that undersigned counsel has filed two briefs with this Court earlier this week and is completing and filing an Application for Rehearing to the Louisiana Supreme Court that is due today.

Respectfully submitted,

FRANK SLOAN
LOUISIANA APPELLATE PROJECT
948 Winona Drive
Mandeville, LA 70471
(985) 845-9492
Louisiana Bar No. 12136

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served on Dorothy Pendergast, Special Appeals Attorney for the 22nd JDC by first class mail, postage prepaid, this 7th of July, 2006.

FRANK SLOAN

# ORDER

Considering the above motion and representations of counsel, the due date for filing the appellant brief is hereby extended until July 24, 2006.

Baton Rouge, Louisiana this 10th day of July, 2006.

CHIEL DEPUTY CLERK

STATE OF LOUISIANA | NO.: 2005-KA-2618

VERSUS | COURT OF APPEAL

VIRGIL LORENZO SMITH | THE FIRST CIRCUIT

COURT OF APPEAL FIRST CIRCUIT
Filed
JUL 0 7 2006
Clerk

## MOTION FOR FIRST EXTENSION OF TIME TO FILE APPELLANT BRIEF

NOW INTO COURT, comes undersigned counsel and moves this Honorable Court to grant a 15 day extension of time to file the appellant brief in the captioned matter. Thus is the first extension sought. The brief is presently due on July 7, 2006. The extension will make the brief due on July 24, 2006. The reason for the extension is that undersigned counsel has filed two briefs with this Court earlier this week and is completing and filing an Application for Rehearing to the Louisiana Supreme Court that is due today.

Respectfully submitted,

FRANK SLOAN
LOUISIANA APPELLATE PROJECT
948 Winona Drive
Mandeville, LA 70471
(985) 845-9492
Louisiana Bar No. 12136

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served on Dorothy Pendergast, Special Appeals Attorney for the 22nd JDC by first class mail, postage prepaid, this 7th of July, 2006.

FRANK SLOAN

# ORDER

Considering the above motion and representations of counsel, the due date for filing the appellant brief is hereby extended until July 24, 2006.

Baton Rouge, Louisiana this 18th day of July, 2006.

CHIEL DEPUTY CLERK

| | | |
|---|---|---|
| STATE OF LOUISIANA | | NO.: 2005-KA-2618 |
| VERSUS | | COURT OF APPEAL |
| VIRGIL LORENZO SMITH | | THE FIRST CIRCUIT |

COURT OF APPEAL FIRST CIRCUIT
Filed
JUL 24 2006
Clerk

## MOTION FOR SECOND EXTENSION OF TIME TO FILE APPELLANT BRIEF

NOW INTO COURT, comes undersigned counsel and moves this Honorable Court to grant a one day extension of time to file the appellant brief in the captioned matter. Thus is the second extension sought. The brief is presently due on July 24, 2006. The extension will make the brief due on July 25, 2006. The reason for the extension is that undersigned counsel had to address personal matters relating to the death of his mother and was unexpectedly delayed in New Orleans today and has needs a additional 1-2 hours to complete this brief. It will be completed tomorrow.

Respectfully submitted,

FRANK SLOAN
LOUISIANA APPELLATE PROJECT
948 Winona Drive
Mandeville, LA 70471
(985) 845-9492
Louisiana Bar No. 12136

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on Dorothy Pendergast, Special Appeals Attorney for the 22nd JDC by first class mail, postage prepaid, this 24th of July, 2006.

FRANK SLOAN

# ORDER

Considering the above motion and representations of counsel, the due date for filing the appellant brief is hereby extended until July 25, 2006.

Baton Rouge, Louisiana this 25th day of July, 2006.

JUDGE

STATE OF LOUISIANA

VERSUS

VIRGIL LORENZO SMITH

NO.: 2005-KA-2617

COURT OF APPEAL

THE FIRST CIRCUIT

**MOTION FOR SECOND EXTENSION OF TIME TO FILE APPELLANT BRIEF**

NOW INTO COURT, comes undersigned counsel and moves this Honorable Court to grant a one day extension of time to file the appellant brief in the captioned matter. Thus is the second extension sought. The brief is presently due on July 24, 2006. The extension will make the brief due on July 25, 2006. The reason for the extension is that undersigned counsel had to address personal matters relating to the death of his mother and was unexpectedly delayed in New Orleans today and has needs a additional 1-2 hours to complete this brief. It will be completed tomorrow.

Respectfully submitted,

COURT OF APPEAL FIRST CIRCUIT
Filed
JUL 2 4 2006
Clerk

FRANK SLOAN
LOUISIANA APPELLATE PROJECT
948 Winona Drive
Mandeville, LA 70471
(985) 845-9492
Louisiana Bar No. 12136

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served on Dorothy Pendergast, Special Appeals Attorney for the 22nd JDC by first class mail, postage prepaid, this 24th of July, 2006.

FRANK SLOAN

# ORDER

Considering the above motion and representations of counsel, the due date for filing the appellant brief is hereby extended until July 25, 2006.

Baton Rouge, Louisiana this 25th day of July, 2006.

JUDGE



*Malise Prieto*
Clerk of Court
22nd Judicial District
Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700
(985) 646-4120

August 27, 2008

VIRGIL L SMITH, #89717
LA STATE PENITENTIARY
CAMP C, JAB 4/L, C/7
ANGOLA, LA 70712

DIVISION F

Re: State of La.
Vs. #334402
VIRGIL LORENZO SMITH

Dear Mr. Smith:

In response to you letter, which is attached about Request for Clarification of Court's Ruling from the Order handed down by the Court on July 21, 2008. Mr. Smith I cannot clarify this for you. You can contact the Court and have them clarify this matter.

Yours very truly,

Mary M. Pellegrin

Mary M. Pellegrin
Deputy Clerk

Viegil L. Smith #89717
LA. State Penitentiary
Camp C. Jag. 4/L C/7
Angola, LA., 70712

FILED
AUG 1 3 2008
MALISE PRIETO, CLERK
Deputy

Malise Prieto
Cleek of Court
22nd Judicial District
Parish of St. Tammany

Number: 334402
Section: (F)

AUG. 10, 2008

Request For Cleaeification
of Court's Ruleng

This is only to ask what do this court mean by case. #334402 have not been tried, or final.

could you clearify this July 17, 2008 Ruling of [redacted] defendants Post-conviction That was dismiss be Judge Martin F. Coady.

Seek reply within (5) five days of your Receiving this Request.

Thank You for your time.

Viegil Smith



Office Of The Clerk

**Court of Appeal, First Circuit**

State of Louisiana

www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

**Notice of Writ**

December 08, 2005

2005-KW-2552

State Of Louisiana
Versus
Virgil L. Smith

TO: Hon. Walter P. Reed
St. Tammany Parish
701 North Columbia St.
Covington, LA 70433

Virgil L. Smith
Louisiana State Penitentiary
Camp J, Shark Unit 1-L-12
Angola, LA 70712

Re: 22nd Judicial District Court, No. 334402, "F"

The application for writs by **Virgil L. Smith** in the matter entitled and bearing the Court of Appeal Docket number as shown above in which you are listed as counsel of record has been received and filed.

Cordially yours,

CHRISTINE L. CROW
CLERK OF COURT

cc: Hon. Martin E. Coady 22nd Judicial District Court

# The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

VS. NO. 2007-KO-0389

**VIRGIL LORENZO SMITH**

------

IN RE: Smith, Virgil Lorenzo ; - Defendant; Applying for Writ of Certiorari and/or Review, Parish of St. Tammany, 22nd Judicial District Court Div. F, Nos. 357134; to the Court of Appeal, First Circuit, No. 2005 KA 2618

------

**October 12, 2007**

Denied.

JLW

PFC

CDK

BJJ

CDT

JTK

Supreme Court of Louisiana
October 12, 2007

[signature]

**Deputy** Clerk of Court
For the Court



*Malise Prieto*
Clerk of Court
22nd Judicial District
Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700
(985) 646-4120

July 30, 2008

VIRGIL L SMITH
CAMP D, HAWK 4/L, C/14
LA STATE PENITENTIARY
ANGOLA, LA 70712

DIVISION F

Re: State of La.
Vs. #334402
VIRGIL LORENZO SMITH

Dear Mr. Smith:

Enclose, please find a certified copy of Order Dismissing your Petition for Post-Conviction Relief, filed by Judge Martin E. Coady in the above captioned matter.

Yours very truly,

Mary M. Pellegrin

Mary M. Pellegrin
Deputy Clerk

cc: Warden of Angola
Walter P. Reed, ADA

STATE OF LOUISIANA

NUMBER: 334402

DIVISION: F

VERSUS

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

VIRGIL L. SMITH

STATE OF LOUISIANA

FILED: July 21, 2008

DEPUTY CLERK

ORDER DISMISSING PETITION FOR POST-CONVICTION RELIEF

Defendant, Virgil Smith, filed an application for Post Conviction Relief in the above captioned matter. The record in this matter establishes that this matter is not final and has not been tried, therefore an application for post conviction relief is premature at this time. Therefore, under Louisiana Code of Criminal Procedure Article 929, the relief sought must be denied.

IT IS HEREBY ORDERED that the Petition for Post Conviction Relief filed by Virgil Smith on May 22, 2008 be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court of the Parish of St. Tammany give notice of this dismissal to petitioner, the District Attorney for the Parish of St. Tammany, and the petitioner's custodian.

Covington, Louisiana, this 17 day of July, 2008.

Judge Martin E. Coady

A TRUE COPY
DyClerk, 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA

Virgil Smith #89717
LA. State Penitentiary
CBB L/L C/10
Angola, LA., 70712

U.S. POSTAGE PITNEY BOWES
ZIP 70712 $ 000.45⁰
02 1W
0001375212 MAY. 24. 2012

Clerk's Office
United States District Court
Eastern District of Louisiana
New Orleans, 70130

70130$9999

$002.70

TO. HON. LORETTA G. WHYTE, CLERK
UNITED STATE DISTRICT COURT
EAStern District of Louisiana
Office of the Clerk
500 Poydras ST., ROOM C-151
New Orleans, LA., 70130

Baton Rouge LA 708
TUE 24 JUL 2012 PM