## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**VIRGIL L. SMITH**                                        **CIVIL ACTION**

**VERSUS**                                                 **NO. 12-2086**
                                                           **c/w 12-2226**

**N. BURL CAIN, WARDEN**                                   **SECTION "F"(2)**

## REPORT AND RECOMMENDATION

These consolidated cases were referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the consolidated petitions for habeas corpus relief be **SEVERED** for purposes of entry of judgment; that Civil Action No. 12-2086 be **DISMISSED WITH PREJUDICE**; and that Civil Action No. 12-2226 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.     STATE COURT PROCEDURAL BACKGROUND

The petitioner, Virgil L. Smith, is a convicted inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On June 4, 2001, Smith was charged by bill of information in St. Tammany Parish with one count of possession of cocaine.[3] The relevant facts as determined at trial were summarized by the Louisiana First Circuit Court of Appeal as follows:

> On March 2, 2001, at approximately 12:15 a.m., St. Tammany Parish Sheriff's Detective Chris Bell and St. Tammany Parish Narcotics Task Force Sergeant Danny Fonte were investigating complaints of narcotics trafficking near Gloria's Bar in Bayou Liberty.  The area was a high crime and known cocaine trafficking area.  Detective Bell and Sergeant Fonte encountered the defendant and another man walking down the middle of West Street, a two-lane asphalt street with a shoulder.  Detective Bell exited his vehicle, identified himself as a police officer, asked to speak to the defendant, and asked the defendant for his identification.  The defendant complied with Detective Bell's request for identification.  A background check for outstanding warrants revealed the criminal history of the defendant included arrests for aggravated rape, two counts of first degree murder, and possession of a firearm by a convicted felon.  Based upon the defendant's extensive criminal history, particularly the defendant's history for weapons' possession, Detective Bell patted down the defendant looking for weapons.  During the pat down, Detective Bell noticed a small plastic bag protruding from one of the pockets of the carpenter jeans the defendant was wearing.  Detective Bell felt a pebble-like substance in the pocket and, based upon his experience with hundreds of patdowns involving crack cocaine, he suspected it was crack cocaine.  One rock of crack cocaine was recovered from the defendant's pocket.

---

[2]Civil Action 12-2086, Rec. Doc. No. 3; Civil Action 12-2226, Rec. Doc. No. 1.

[3]St. Rec. Vol. 3 of 9, Bill of Information, 6/4/01.

State v. Smith, 868 So.2d 322 (La. App. 1st Cir. 2004) (Table); St. Rec. Vol. 8 of 9, Louisiana First Circuit Court of Appeal Opinion, 2003-KA-1341, February 23, 2004.

Smith was tried by a jury on July 15 and 16, 2002, and was found guilty as charged of possession of cocaine.[4] At a hearing on July 18, 2002, the state trial court denied Smith's motions for new trial and post-verdict judgment of acquittal.[5] The State also filed a multiple offender bill to which Smith entered a plea of not guilty.[6]

On January 16, 2003, the state trial court again denied Smith's motions for new trial and post-verdict judgment of acquittal, along with his motion to quash the multiple bill.[7] The court thereafter sentenced Smith to serve three (3) years in prison at hard labor. The court denied Smith's motion to reconsider the sentence.[8]

The State later filed a corrected multiple offender bill on March 13, 2003.[9] After hearings on April 30, October 9, and November 12, 2003, the court denied Smith's

[4]St. Rec. Vol. 9 of 9, Trial Minutes, 7/15/02; Trial Minutes, 7/16/02; St. Rec. Vol. 3 of 9, Verdict of the Jury, 7/16/02; Trial Transcript, 7/15/02; St. Rec. Vol. 4 of 9, Trial Transcript, 7/16/02.

[5]St. Rec. Vol. 9 of 9, Hearing Minutes, 7/18/02; St. Rec. Vol. 3 of 9, Motion for New Trial, 7/18/02; Motion for Post-Verdict Judgment of Acquittal, 7/18/02.

[6]Id. The record does not contain a copy of the multiple bill filed that day.

[7]St. Rec. Vol. 9 of 9, Sentencing Minutes, 1/16/03; St. Rec. Vol. 4 of 9, Sentencing Transcript, 1/16/03; St. Rec. Vol. 3 of 9, Motion to Quash, 7/24/02.

[8]Id.; St. Rec. Vol. 3 of 9, Motion to Reconsider Sentence, 1/22/03.

[9]St. Rec. Vol. 3 of 9, Multiple Bill, 3/13/03; St. Rec. Vol. 9 of 9, Multiple Bill Hearing Minutes, 3/13/03; St. Rec. Vol. 4 of 9, Multiple Bill Hearing Transcript, 3/13/03.

3

renewed motion to quash the multiple offender bill and adjudicated him a second felony offender.[10]  At the latter hearing, the court vacated the prior sentence and sentenced Smith as a multiple offender to serve 10 years at hard labor with credit for time served and without benefit of probation or suspension of sentence.[11]  The court also ordered that the sentence run consecutively to the sentence imposed in another case.  The state trial court denied Smith's motion to reconsider the sentence on November 13, 2003.[12]

In the meantime, on direct appeal from the underlying conviction, Smith's appointed appellate counsel asserted a single error to the Louisiana First Circuit Court of Appeal, arguing that the state trial court erred in denying the motion to suppress the evidence.[13]  On February 23, 2004, the Louisiana First Circuit affirmed the conviction, finding no merit in Smith's claim.[14]

---

[10]St. Rec. Vol. 9 of 9, Multiple Bill Hearing Minutes, 4/30/03; Multiple Bill Hearing Minutes, 10/9/03; Sentencing Minutes, 11/12/03; St. Rec. Vol. 5 of 9, Multiple Bill Hearing Transcript, 10/9/03; Sentencing Transcript, 11/12/03.

[11]St. Rec. Vol. 9 of 9, Sentencing Minutes, 11/12/03; St. Rec. Vol. 5 of 9, Sentencing Transcript, 11/12/03.

[12]Id.; St. Rec. Vol. 3 of 9, Motion to Reconsider Sentence, 11/13/03; Trial Court Order, 11/13/03.

[13]St. Rec. Vol. 8 of 9, Appeal Brief, 2003-KA-1341, 7/28/03; Reply Brief, 2003-KA-1341, 8/25/03.

[14]State v. Smith, 868 So.2d at 322; St. Rec. Vol. 8 of 9, 1st Cir. Opinion, 2003-KA-1341, 2/23/04.

The appellate court denied Smith's application for rehearing on April 6, 2004.[15] On October 8, 2004, the Louisiana Supreme Court denied without stated reasons the related writ application filed by Smith's counsel in that court.[16]

While those matters were pending, Smith's appointed counsel also appealed the multiple offender adjudication and sentence, asserting two errors:[17] (1) The state trial court erred in relying on uncertified evidence of the prior offense. (2) The state trial court imposed an excessive sentence.   On December 14, 2004, the Louisiana First Circuit found merit in the first claim that uncertified evidence was not sufficient to support the adjudication.[18]   The appellate court found the second claim moot, reversed the multiple offender adjudication, vacated the multiple offender sentence and reinstated the original sentence.[19]   Smith did not seek further review of this order.

---

[15]St. Rec. Vol. 8 of 9, 1st Cir. Order, 2003-KA-1341, 4/6/04; Application for Rehearing, 2003-KA-1341, 3/8/04.

[16]State v. Smith, 883 So.2d 1028 (La. 2004); St. Rec. Vol. 6 of 8, La. S. Ct. Order, 2004-K-1139, 10/8/04; La. S. Ct. Writ Application, 04-K-1139, 5/7/04 (dated 5/6/04).

[17]St. Rec. Vol. 8 of 9, Appeal Brief, 2004-KA-0800, 5/10/04.

[18]State v. Smith, 897 So.2d 710 (La. App. 1st Cir. 2004); St. Rec. Vol. 5 of 9, 1st Cir. Opinion, 2004-KA-0800, 12/17/04.

[19]Id.  The court did not remand the matter.

5

Six (6) months later, on June 9, 2005, Smith submitted an application for post-conviction relief to the state trial court, asserting two (2) grounds for relief:[20] (1) His counsel abandoned the only viable defense, which amounted to ineffective assistance. (2) His counsel provided ineffective assistance when he did not allow Smith to testify at trial.

While the application was pending, the State returned to the trial court for multiple offender bill proceedings in this case and a concurrent case.[21]  On July 6, 2005, the court found Smith a second felony offender and again sentenced him to ten (10) years in prison at hard labor without benefit of probation or suspension of sentence.[22]  The sentence was to run consecutively to the sentence imposed in Smith's other case.

Shortly thereafter, on October 19, 2005, the sate trial court denied Smith's pending application for post-conviction relief as meritless under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984).[23]  Smith sought review of the order in the Louisiana First Circuit and, on April 10, 2006, the appellate court denied his writ application as procedurally deficient under La. App. Rules 2-18.7 and 4.9, with

---

[20]St. Rec. Vol. 5 of 9, Application for Post-Conviction Relief, 6/13/05 (dated 6/9/05).

[21]St. Rec. Vol. 9 of 9, Multiple Bill Hearing Minutes, 7/6/05; St. Rec. Vol. 5 of 9, Multiple Bill Hearing Transcript, 7/6/05.

[22]Id.; St. Rec. Vol. 5 of 9, Written Reasons on Multiple Offender Sentencing, 10/11/05.

[23]St. Rec. Vol. 5 of 9, Trial Court Order, 10/19/05.

instructions that, if Smith chose to refile the application with the appropriate attachments, he must do so by June 12, 2006.[24]

On June 5, 2006, Smith returned to the Louisiana First Circuit for review of the trial court's October 19, 2005, order.[25]  The court denied the application without stated reasons on September 5, 2006.[26]  Smith submitted a writ application to the Louisiana Supreme Court on October 5, 2006, and the court denied the writ application without stated reasons on August 15, 2007.[27]

While these matters were pending, Smith pursued a direct appeal of his July 6, 2005, sentencing as a multiple offender, asserting two grounds for relief:[28] (1) The exhibit evidence of the prior conviction was not entered into the record. (2) The sentence was excessive.  On December 28, 2006, the Louisiana First Circuit affirmed the multiple offender adjudication and sentence, finding no merit in either claim.[29]

---

[24]St. Rec. Vol. 5 of 9, 1st Cir. Order, 2005-KW-2552, 4/10/06.

[25]St. Rec. Vol. 8 of 9, 1st Cir. Writ Application, 2006-KW-1111, 6/5/06 (incomplete copy).

[26]St. Rec. Vol. 7 of 9, 1st Cir. Order, 2006-KW-1111, 9/5/06.

[27]State ex rel. Smith v. State, 961 So.2d 1156 (La. 2007); St. Rec. Vol. 7 of 9, La. S. Ct. Order, 2006-KH-2571, 8/15/07; La. S. Ct. Writ Application, 06-KH-2571, 10/25/06 (postmarked 10/6/06, dated 10/5/06); St. Rec. Vol. 1 of 9, La. S. Ct. Letter, 2006-KH-2571, 10/25/06 (showing postmark of 10/6/06).

[28]St. Rec. Vol. 8 of 9, Appeal Brief, 2005-KA-2617, 7/25/06; 1st Cir. Writ Application, 2005-KA-2617, 12/28/05; 1st Cir. Order, 2005-KA-2617, 3/22/06.

[29]State v. Smith, 947 So.2d 848, 2006 WL 3813673, at *1 (La. App. 1st Cir. Dec. 28, 2006) (Table, Text in Westlaw); St. Rec. Vol. 1 of 9, 1st Cir. Opinion, 2005-KA-2617, 12/28/06.

Smith's conviction and sentence became final 30 days later, on Monday, January 29, 2007,[30] when he did not seek rehearing or timely review in the Louisiana Supreme Court.[31] Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)); Burton v. Stewart, 549 U.S. 147 (2007) (in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

On May 19, 2008, only eight (8) months after resolution of Smith's post-conviction writ application by the Louisiana Supreme Court, Smith submitted an application for post-conviction relief to the state trial court, asserting six (6) grounds for relief:[32] (1) His counsel provided ineffective assistance when he pursued a bogus defense. (2) The state trial court lacked subject matter jurisdiction over the untimely multiple

---

[30]The last day fell on Saturday, January 27, 2007. Therefore, the finality date is the next business day, Monday January 29, 2007. Fed. R. Civ. P. 6(a)(1)(C) (weekends are not included in the calculation of period when it would be the last day of the period); La. Code Crim. P. art. 13 (weekends are not included in the calculation of period when it would be the last day of the period).

[31]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5(a), petitioner had 30 days from the issuance of the appellate court's opinion to file a timely writ application in the Louisiana Supreme Court, which he did not do.

[32]St. Rec. Vol. 1 of 9, Application for Post-Conviction Relief, 5/22/08 (dated 5/19/08).

offender proceedings. (3) The state trial court erred in relying on other crimes evidence. (4) The State failed to prove that the five year cleansing period had not expired. (5) The prosecutor used an illegal charge to prove he was a felon convicted of forcible rape. (6) His counsel provided ineffective assistance when he failed to file a motion to suppress seized evidence. (7) The sentencing court erred in not complying with La. Rev. Stat. § 15:529.1. (8) The state trial court erred in allowing the prosecutor to use uncertified evidence during the multiple bill proceedings.

On July 17, 2008, the state trial court dismissed the application and denied relief, stating that "this matter is not final and has not been tried, therefore an application for post conviction relief is premature at this time."[33]   Smith did not seek review of this ruling in the higher state courts, although he sought clarification and reconsideration of the ruling, which was not addressed by the state trial court until October 18, 2010, as discussed further below.[34]

In the meantime, Smith filed an application for writ of mandamus in the Louisiana First Circuit, seeking an order to have the state trial court resentence him pursuant to the

---

[33]St. Rec. Vol. 1 of 9, Trial Court Order, 7/17/08.

[34]I note that Smith wrote several letters to the clerk of court asking for clarification of the ruling. St. Rec. Vol. 1 of 9, Request for Clarification of Court's Ruling, 8/13/08 (dated 8/10/08); Letter to Clerk of Court, 9/11/08 (dated 8/28/08); St. Rec. Vol. 2 of 9, Letter to the Clerk of Court, 2/17/10.  He was advised after the first letter that he would have to seek clarification from the court.  St. Rec. Vol. 1 of 9, Letter from Clerk of Court, 8/27/08.  The record does not contain responses to the other inquiries.

remand ordered on direct appeal.[35]  The court denied the application as moot, noting that

his sentence had been appealed and affirmed in 2006 after the resentencing in 2005.[36]

On February 10, 2009, Smith submitted a motion to the state trial court seeking

to correct his sentence as illegal and invalid.[37]  He filed a second such motion on

February 19, 2009, which the state trial court denied on April 24, 2009, without stated

reasons.[38]  The court also denied the first motion to correct on May 4, 2009, without

stated reasons.[39]  Smith did not seek review of either of these orders.

On October 18, 2010, the state trial court issued an order reconsidering its prior

post-conviction ruling issued on July 17, 2008.[40]  In its order, the court indicated that it

had erred in finding Smith's 2008 application for post-conviction relief premature and

vacated the order dismissing the petition on those grounds.  The court, nevertheless,

denied relief on the application on its face without stated reasons.

---

[35]St. Rec. Vol. 8 of 9, 1st Cir. Writ Application, 2008-KW-2038, 9/23/08.

[36]St. Rec. Vol. 2 of 9, 1st Cir. Order, 2008-KW-2038, 1/9/09.

[37]St. Rec. Vol. 2 of 9, Motion to Correct Invalid and Illegal Habitual Offender Sentence, 2/12/09
(dated 2/10/09).

[38]St. Rec. Vol. 2 of 9, Trial Court Order, 4/24/09.

[39]St. Rec. Vol. 2 of 9, Trial Court Order, 5/4/09.

[40]St. Rec. Vol. 2 of 9, Trial Court Order, 10/18/10.

10

Four (4) months later, on February 14, 2011, Smith submitted a notice of intent to seek review in the Louisiana First Circuit, and he was granted through March 14, 2011, to do so.[41]  On March 10, 2011, he submitted his writ application to the appellate court seeking review of the state trial court's denial of post-conviction relief.[42]  Construed broadly, Smith argued that the state trial court did not have subject matter jurisdiction over a multiple bill proceeding since his original sentence had already expired and because the court allowed the State to file a new multiple bill.  The court denied relief without stated reasons on July 5, 2011.[43]  On August 16, 2011, the court dismissed his request for rehearing, deeming it procedurally improper.[44]  The court granted Smith's motion to supplement the application in that same order.

On September 2, 2011, Smith submitted a writ application to the Louisiana Supreme Court seeking review of the lower courts' rulings, arguing that the state trial court did not have subject matter jurisdiction over the multiple bill proceeding because his original sentence had expired, and that the State used improper documentation to prove the multiple offender status and failed to prove that the cleansing period did not

---

[41]St. Rec. Vol. 2 of 9, Notice of Intent, 2/16/11 (dated 2/14/11); Trial Court Order, 2/24/11.

[42]St. Rec. Vol. 8 of 9, 1st Cir. Writ Application, 2011-KW-0502, 3/15/11 (dated 3/10/11); Motion to Supplement, 2011-KW-0502, 7/26/11 (dated 7/25/11).

[43]St. Rec. Vol. 2 of 9, 1st Cir. Order, 2011-KW-0502, 7/5/11.

[44]St. Rec. Vol. 2 of 9, 1st Cir. Order, 2011-KW-0502, 8/16/11; St. Rec. Vol. 8 of 9, Motion for Rehearing, 2011-KW-0502, 7/26/11 (dated 7/23/11).

expire.[45]   The court denied the application on April 27, 2012, without stated reasons.[46]

The court denied Smith's request for reconsideration without stated reasons on July 27,

2012.[47]

## II.   TWO (2) FEDERAL HABEAS PETITIONS

On August 16, 2012, the clerk of court filed Smith's initial federal habeas corpus

petition, Civil Action No. 12-2086"F"(2), in which Smith argues that the State did not

timely file the multiple offender bill for which he was sentenced, because his original

sentence had already been discharged, leaving the state trial court with no sentence to

vacate or enhance.[48]

On September 14, 2012, the clerk of court filed Smith's second federal petition,

Civil Action No. 12-2226"F"(2), asserting six (6) claims:[49] (1) The state trial court erred

and/or abused its discretion in denying the defense motion to suppress the evidence.

(2) The state trial court lacked subject matter jurisdiction. (3) The state trial court erred

---

[45]St. Rec. Vol. 6 of 9, La. S. Ct. Writ Application, 11-KH-1955, 9/9/11 (postmarked 9/7/11, dated 9/2/11); St. Rec. Vol. 2 of 9, La. S. Ct. Letter, 2011-KH-1955, 9/9/11 (showing postmark of 9/7/11).

[46]State ex rel. Smith v. State, 86 So.3d 624 (La. 2012); St. Rec. Vol. 6 of 9, La. S. Ct. Order, 2011-KH-1955, 4/27/12.

[47]State ex rel. Smith v. State, 93 So.3d 584 (La. 2012); St. Rec. Vol. 6 of 9, La. S. Ct. Order, 2011-KH-1955, 7/27/12.

[48]Civil Action No. 12-2086, Rec. Doc. No. 3.

[49]Civil Action No. 12-2226, Rec. Doc. No. 1.

in allowing other crimes evidence to support the conviction for possession of cocaine. (4) The State failed to prove that the applicable state law five-year cleansing period had not elapsed. (5) The prosecutor erred in relying on the forcible rape conviction to prove the multiple bill. (6) Counsel was ineffective when he failed to file a motion to suppress the evidence.

The State filed an answer and memorandum in opposition to Smith's consolidated petitions, arguing that the petitions were not timely filed and that Smith did not exhaust state court remedies as to all of the claims raised in one of the cases, Civil Action No. 12-2226.[50]  Alternatively, the State argues that each of Smith's claims are meritless.

The two cases were consolidated for case management and judicial economy purposes, including allowing <u>one</u> responsive pleading from the respondent and submission of <u>one</u> copy of the state court record related to both petitions.  Consolidation of separate actions "is permitted as a matter of convenience and economy in administration, but does <u>not</u> merge the suits into a single cause."  <u>In re Transtexas Gas Corp.</u>, 303 F.3d 571, 577 (5th Cir. 2002) (quotations omitted) (quoting <u>Johnson v. Manhattan Ry. Co.</u>, 289 U.S. 479, 496-97 (1933) (emphasis added)). Instead, each action maintains its own separate character after consolidation.  <u>Id</u>.  Thus, these consolidated civil cases are <u>not</u> one case and may be treated and disposed of separately.  Because his

---

[50]Civil Action No. 12-2086, Rec. Doc. Nos. 14, 15.

claims presented in the two petitions are distinct and different, I will address the disposition of each petition individually, and I recommend that the consolidation be ended and the actions be separated for purposes of the entry of judgment.

In his reply to the State's opposition, Smith reurges the merits of his claims and reiterates the procedural history of his state criminal proceedings.[51]

III.   THRESHOLD STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[52] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to both of Smith's petitions, which, for reasons discussed below, are deemed filed in this court on May 18, 2012 (Civil Action No. 12-2086) and August 7, 2012 (Civil Action No. 2226).[53]

---

[51]Civil Action No. 12-2086, Rec. Doc. No. 18.

[52]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[53]The United States Court of Appeals for the Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

IV.   TIMELINESS

As outlined above, the State contends that Smith's federal petitions were not timely filed and that the claims are not fully exhausted. While the State's timeliness calculation is arguably correct, I cannot accept it in light of certain facts apparent in the record that were not addressed by the State. For the following reasons, I will assume that the petitions were timely filed in this court, albeit with minimal time remaining to pursue federal relief.

―――――――――――――

limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Smith's petition in Civil Action No. 12-2086 was filed by the clerk of court on August 16, 2012, after pauper status was granted following correction of the many deficiencies in his initial pleadings. Smith initially did not date his signature on that form petition. He later did so as part of his deficiency corrections. However, Smith dated his signature on May 18, 2012, on the request for extension of time (Rec. Doc. No. 4), which was originally submitted and received with his incomplete habeas form. That is the earliest date appearing in the record on which he could have submitted his pleadings to prison officials for mailing to the court. Smith's petition in Civil Action No. 12-2226 was filed by the clerk of court on September 14, 2012, after pauper status was granted. Smith chose to date none of the pleadings submitted with that petition. The statement of account on his pauper application was certified on August 7, 2012. This is the earliest date appearing in that record on which Smith could have submitted his pleadings to prison officials for mailing to the court.

The one-year AEDPA statute of limitations period generally begins to run the day after the petitioner's conviction became final.[54] <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001). In this case, when Smith's conviction became final on January 29, 2007, he had a writ application pending before the Louisiana Supreme Court arising from his first application for post-conviction relief in 2005. The State suggests that neither the 2005 application for post-conviction relief nor Smith's subsequent related writ applications afforded Smith any tolling benefit. The State offers nothing to support its position that these proceedings did not constitute properly filed state post-conviction review.

The state trial court did not dispose of the application for post-conviction relief as premature or for any other procedural reason. Instead, the court addressed the petition on the merits under the <u>Strickland</u> standards. The Louisiana First Circuit denied Smith's

---

[54]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

first related writ application as procedurally deficient on April 10, 2006. The court, however, gave Smith an opportunity to file a proper application, which he timely did. Contrary to the State's argument, the second Louisiana First Circuit writ application (No. 2006-KW-1111) was timely filed within the period allowed by that same court in its April 10, 2006, order. Thus, both the Louisiana First Circuit and the Louisiana Supreme Court writ applications were properly filed and both were denied without stated reasons. It is presumed by law, therefore, that they too denied his application on the merits. Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion). Smith is entitled to tolling of the AEDPA statute of limitations while any properly filed state post-conviction or other collateral review proceedings were pending. The State has not established that the foregoing pleadings did not qualify in this tolling category. Smith is entitled to tolling during their pendency.

As such, at the time Smith's conviction became final on January 29, 2007, I find that the AEDPA statute of limitations period remained tolled until resolution of his 2006 Louisiana Supreme Court writ application on August 15, 2007. The one-year limitations period began to run again the next day, August 16, 2007, and did so for 277 days, until May 19, 2008, when Smith submitted his next application for post-conviction relief. The

state trial court denied the application as premature on July 17, 2008 and did not reconsider the ruling until October 18, 2010.  The matter remained pending until November 17, 2010, when Smith did not seek timely review in the Louisiana First Circuit.  At this point, 88 days remained for Smith to file a timely federal petition.

The AEDPA limitations period began to run again for 88 days,[55] until Monday, February 14, 2011, when it would have expired, except that on that last day Smith submitted a notice of his intent to pursue review in the Louisiana First Circuit.  He thereafter timely filed an application with the Louisiana First Circuit, which was denied on July 5, 2011.  Although Smith's procedurally improper motion for rehearing would not afford him tolling,[56] he had also filed a motion to supplement, which was granted by the Louisiana First Circuit on August 16, 2011.  The State fails to mention this pleading in its limitations analysis.  Within 30 days of that ruling, on September 2, 2011, Smith timely submitted his writ application to the Louisiana Supreme Court.  He is entitled to tolling while that application was pending before that court until July 27, 2012.  Smith's first federal habeas petition is deemed filed in this court on May 18, 2012, while that writ application was still pending.

---

[55]The 88th day was a Sunday.

[56]See Gaudet v. Cain, 31 F. App'x 835, 2002 WL 243278 at *1 (5th Cir. Jan. 18, 2002) (improper application for rehearing in state circuit court did not toll the AEDPA limitations period); see also Scott v. Cain, No. 02-0485, 2002 WL 1484385 at *2 n.17 (E.D. La. 2002) (Africk, J).

It appears that Smith's final day of the one-year AEDPA limitations period did not expire before his federal habeas petition was submitted for filing in this court.  With the foregoing timeliness uncertainties appearing in the record, I cannot accept the State's limitations defense.

V.      CIVIL ACTION NO. 12-2086: MERITLESS

A.      STANDARDS OF MERITS REVIEW

28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state

court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" <u>Penry v. Johnson</u>, 215 F.3d 504, 507 (5th Cir. 2000) (quoting <u>Miller v. Johnson</u>, 200 F.3d 274, 280-81 (5th Cir.), <u>cert. denied</u>, 531 U.S. 849 (2000)), <u>aff'd in part, rev'd in part on other grounds</u>, 532 U.S. 782 (2001); <u>Hill</u>, 210 F.3d at 485.   The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

<u>Williams v. Taylor</u>, 529 U.S. 362, 405-06, 412-13 (2000);  <u>Penry</u>, 532 U.S. at 792-93; <u>Hill</u>, 210 F.3d at 485.  "'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'" <u>Price v. Vincent</u>, 538 U.S. 634, 641 (2003) (quoting <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24-25 (2002)) (brackets in original); <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002).  Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable."  <u>Neal v. Puckett</u>, 286 F.3d 230, 246 (5th Cir. 2002), <u>cert. denied</u>, <u>sub nom</u>, <u>Neal v. Epps</u>, 537 U.S. 1104 (2003). The burden is on the petitioner to

show that the state court applied the precedent to the facts of his case in an objectively

unreasonable manner. <u>Price</u>, 538 U.S. at 641 (quoting <u>Woodford</u>, 537 U.S. at 24-25);

<u>Wright v. Quarterman</u>, 470 F.3d 581, 585 (5th Cir. 2006).

B.    <u>SOLE CLAIM: UNTIMELY FILED MULTIPLE BILL</u>

Smith alleges that the State untimely filed the multiple offender bill for which he

was sentenced, leaving the state trial court without jurisdiction to adjudicate the matter.

He argues that the multiple offender bill was invalid because it was filed after his original

three-year sentence had been discharged.  Smith asserted this same argument in his

application for post-conviction relief, which was denied without stated reasons at each

level of the state courts.

Smith has failed to state a cognizable federal habeas claim in this regard.  The

sufficiency of a state court bill of information or indictment will not be reviewed under

Section 2254, unless it can be shown that it was so defective that it deprives the

convicting court of jurisdiction. <u>McKay v. Collins</u>, 12 F.3d 66, 68 (5th Cir. 1994).  If,

however, the highest state court has found the bill of information sufficient under state

law, a federal court need not address the issue. <u>Alexander v. McCotter</u>, 775 F.2d 595, 598

(5th Cir. 1985).

In Smith's case, the claim was presented to the Louisiana Supreme Court and the

court presumptively found no merit in Smith's claim that the state trial court was without

21

jurisdiction because of an untimely filed multiple offender bill.  See Ylst, 501 U.S. at 802.  This would be consistent with Louisiana jurisprudence holding that La. Rev. Stat. §15:529.1 does not provide a time limit for the State to file a multiple offender bill, and discharge of the underlying felony sentence does not necessarily preclude the filing of a multiple bill or the trial court's adjudication of the proceeding.  State v. Muhammad, 875 So.2d 45, 52-55 (La. 2004).[57]

Smith has not identified a federal constitutional right that he alleges was violated. Instead, he addresses this claim exclusively under state law.  This court does not sit to review the state courts' application or interpretation of state law on the timeliness of Smith's multiple bill.  See Swarthout v. Cooke, __ U.S. __, 131 S. Ct. 859, 861 (2011); Estelle v. McGuire, 502 U.S. 62, 67 (1991).  A state's failure to follow its own sentencing procedures is not reviewable by a federal habeas corpus court.  Joseph v. Butler, 838 F.2d 786, 789 n.2 (5th Cir. 1988); Haynes v. Butler, 825 F.2d 921, 924 (5th Cir. 1987).  A federal court's habeas review hinges upon whether a criminal proceeding violated a defendant's constitutional rights, such that the violation rendered the criminal

---

[57]Louisiana law does not recognize a set time period for the State to file habitual offender proceedings.  In Muhammad, the Louisiana Supreme Court confirmed that La. Rev. Stat. § 15:529.1 does not establish a time limit for the State to pursue a multiple offender proceeding. Instead, the court determined that a multiple offender bill must be filed within a reasonable time after the State learns the defendant has prior felony convictions. Id., 875 So.2d at 55. The court based its reasoning on a defendant's constitutional rights to speedy trial and to know the full consequences of the verdict within a reasonable time.  Id.; State v. Rainey, 43 So.3d 1090, 1092 (La. App. 4th Cir. 2010).

proceeding fundamentally unfair under due process considerations.  Lisenba v. People of the State of California, 314 U.S. 219, 236-37 (1941); Peters v. Whitley, 942 F.2d 937, 940 (5th Cir. 1991) (habeas review is proper only to determine whether a state trial judge's error is so extreme as to render the trial fundamentally unfair or violate an explicit constitutional right).   State enhancement proceedings, however, are not determinative of guilt or innocence and do not offer the accused the full range of due process and other constitutional rights normally attendant to such adjudications.  Buckley v. Butler, 825 F.2d 895, 902-03 (5th Cir. 1987).  With regard to sentencing schemes, "[t]he Due Process Clause does not, . . . require a State to adopt one procedure over another on the basis that it may produce results more favorable to the accused."  Parke v. Raley, 506 U.S. 20, 32 (1992) (quoting Medina v. California, 505 U.S. 437, 451 (1992)).

Smith has identified no Supreme Court precedent, and my research has located none, that would require the State to file a multiple offender bill within a certain period of time.  Such matters are left for the states to decide.

Even applying due process standards, Smith has made no showing of prejudice or fundamental unfairness resulting from the timing of his multiple offender proceedings. Smith has not shown that he was prejudiced by the delay in his ultimate sentencing as a second felony offender, and the state court record shows good cause for any delay in that

process.  A review of the procedural history of his case reflects that the multiple offender

bill was filed by the State on July 18, 2002, within days after Smith was convicted.  After

resolution of Smith's post-conviction motions, including a motion to quash the multiple

bill, the state trial court sentenced Smith on January 16, 2003, to three years in prison on

the underlying felony conviction, not the multiple bill.  Within two months, on March 13,

2003, the state filed a corrected multiple offender bill.  During the next eight months, the

state trial court held three hearings on the multiple bill and Smith's motion to quash the

corrected bill.   At the last hearing, on November 12, 2003, the state trial court

adjudicated Smith a second offender and sentenced him to 10 years at hard labor.  On

December 14, 2004, this adjudication was reversed and the sentence vacated by the

Louisiana First Circuit as a result of Smith's appeal.  Seven months later, on July 6, 2005,

the state trial court held a sentencing hearing on more than one of Smith's criminal cases.

That day, the court adjudicated Smith a second offender in connection with this case and

resentenced him  to serve 10 years at hard labor.

Any delay in Smith's final adjudication and sentencing was not a result of when

the State filed the multiple offender bill under which he was sentenced, nor has he

suffered any prejudice.  The original multiple offender bill was filed before Smith was

sentenced on the underlying felony, and the corrected multiple bill was filed only two

months after that sentencing in 2003. The record does not show an unreasonable delay in the filing of either document.

Smith's multiple offender proceedings were completed within a reasonable time after resolution of his post-conviction motions, his appeal from the first multiple offender adjudication and his other criminal case. Nothing in the record demonstrates that Smith was prejudiced by these brief periods of delay between hearings. Smith knew from the filing of the first multiple bill in 2003 before his original sentencing that the State was pursuing a multiple offender adjudication against him. Smith's term of confinement has not changed as a result of the passage of time, and thus he has not been prejudiced.[58]

For the foregoing reasons, Smith has failed to assert a cognizable federal habeas claim and otherwise failed to show that the denial of relief on this issue was contrary to, or an unreasonable application of, Supreme Court precedent. He is not entitled to relief on his claim asserted in Civil Action No. 12-2086.

---

[58]Smith was originally sentenced to serve three years in prison on the underlying felony. At the first multiple offender sentencing in 2003, Smith was given a sentence of 10 years at hard labor, without benefit of parole, probation or suspension of sentence. The sentence was to run consecutively to the sentence imposed in the other criminal case and with credit for time served. That sentence was vacated by the appellate court in December of 2004. Smith received these same sentence in July of 2005, which he currently is serving.

VI.   <u>CIVIL ACTION NO. 12-2226: FAILURE TO EXHAUST STATE COURT REMEDIES</u>

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 519-20 (1982)); <u>accord</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Nobles</u>, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to <u>all</u> of the federal court claims." <u>Whitehead</u>, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); <u>Rose</u>, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." <u>Id.</u> (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78).  "This requirement is not satisfied if the

26

petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application."

(emphasis added) <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420).  It is not enough for a petitioner

to have raised the claims in the lower state courts if the claims were not specifically

presented to the Louisiana Supreme Court.  <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a

prisoner does not fairly present a claim to a state court if that court must read beyond a

petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Smith must have fairly presented

the same claims and legal theories he urges in this federal court to the state courts

through the Louisiana Supreme Court in a procedurally proper manner and have given

all appropriate state courts an opportunity to address each of his claims.  To complete

exhaustion in Louisiana, Smith must raise all of his federal claims in and complete either

the direct appeal process or post-conviction proceedings through the Louisiana Supreme

Court.[59]  Smith did not do so as to <u>all</u> of the claims presented in this federal petition.

As outlined above, in Civil Action No. 12-2226, Smith asserts six claims: (1) The

state trial court erred and/or abused its discretion in denying the defense motion to

---

[59]The Louisiana Rules of Criminal Procedure allow a defendant to appeal his conviction to the appropriate circuit appellate court and then seek review of that court's ruling in the Louisiana Supreme Court. La. Code Crim. P. arts. 912.1, 922; La. S. Ct. Rule X§5. The post-conviction process in Louisiana requires presentation of appropriate claims on the appropriate form in the state trial court. La. Code Crim. P. art. 925 et seq. Review of the trial court's ruling can be sought in the circuit appellate court and Louisiana Supreme Court by writ of review. La. Code Crim. P. art. 930.6; La. S. Ct. Rule X§5; La. App. Rule 4-1 et seq.

suppress the evidence. (2) The state trial court lacked subject matter jurisdiction. (3) The state trial court erred in allowing other crimes evidence to support the conviction for possession of cocaine. (4) The State failed to prove that the five-year cleansing period had not elapsed. (5) The prosecutor erred in relying on the forcible rape conviction to prove the multiple bill. (6) Counsel was ineffective when he failed to file a motion to suppress the evidence.  Smith has <u>not</u> presented all of these claims at all levels of the state courts in a manner sufficient to complete exhaustion of available remedies.

Smith's challenge to the denial of his motion to suppress evidence was raised by his appointed counsel on direct appeal and before the Louisiana Supreme Court in 2004. This claim, as the State concedes, is exhausted.

Smith's second and fourth claims addressing the state trial court's jurisdiction over the multiple bill proceedings, which Smith duplicatively realleges after having already asserted them in Civil Action No. 12-2086, and the State's failure to prove that the cleansing period had not expired, were both asserted in his 2008 state application for post-conviction relief and were exhausted through the higher state courts.

Smith's remaining three claims related to the state trial court's consideration of other crimes evidence in the multiple offender proceeding, the prosecutor's improper use of the forcible rape conviction and ineffective assistance of counsel for failure to file a motion to suppress the evidence, were raised in Smith's 2008 state application for post-

28

conviction relief, which was denied by the state trial court.  However, Smith did <u>not</u> present these claims to the Louisiana First Circuit or the Louisiana Supreme Court in his related 2011 writ applications.

For these reasons, Smith has failed to exhaust state court remedies as to half of the claims asserted to this court in Civil Action 12-2226.  His petition, which includes unexhausted claims, is a "mixed petition," and is subject to dismissal for that reason.  <u>See</u> <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Nobles</u>, 127 F.3d at 420).

The Supreme Court has long required that a mixed petition be dismissed without prejudice to allow for complete exhaustion.  <u>Pliler v. Ford</u>, 542 U.S. 225, 233 (2004) (citing <u>Rose</u>, 455 U.S. at 510).  The record discloses no good cause for Smith's failure to exhaust these claims, and this court can find none.  <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust). The Supreme Court has also provided, however, that, to avoid dismissal of a mixed petition, a petitioner like Smith can choose to amend his petitions to dismiss or exclude the unexhausted claims and proceed with only the exhausted claims.  <u>Pliler</u>, 542 U.S. at 233.  This choice is available to Smith.

The petition in Civil Action No. 12-2226 must be dismissed without prejudice to require Smith to exhaust available state court remedies as to all of his claims, <u>unless</u> he

amends or resubmits his habeas petition to present <u>only</u> the exhausted claims.  <u>Id.</u>, 542 U.S. at 233; <u>Whitehead</u>, 157 F.3d at 387.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the consolidated petitions of Virgil L. Smith for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **SEVERED** for purposes of entry of judgment.

It is further **RECOMMENDED** that Smith's habeas petition in Civil Action No. 12-2086 be **DISMISSED WITH PREJUDICE** as meritless.

It is further **RECOMMENDED** that Smith's habeas petition in Civil Action No. 12-2226 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v.</u>

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[60]

New Orleans, Louisiana, this ____8th____ day of March, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[60]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.